IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TALBOT 2002 UNDERWRITING
CAPITAL LTD, et al.,

                Plaintiffs,

v.                                                 CIVIL ACTION NO.   5:15-cv-12542

OLD WHITE CHARITIES, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion of Bankers Insurance, LLC for Leave to Intervene* (Document 7) and the accompanying *Memorandum in Support* (Document 8). The Court has also reviewed the *Underwriters' Response to Bankers Insurance, LLC's Motion for Leave to Intervene* (Document 12), and Bankers Insurance, LLC's *Reply* (Document 18). For the reasons stated herein, the Court finds that the motion should be granted.

**PROCEDURAL HISTORY**

Talbot 2002 Underwriting Capital Ltd., White Mountains Re Sirius Capital Ltd, and Markel Capital Limited (collectively, the "Plaintiffs") filed the *Complaint* (Document 1) giving rise to the present action on August 19, 2015. The Plaintiffs seek a declaratory judgment on the status of coverage for a claim made by the Defendant, Old White Charities, Inc., on a prize indemnity insurance policy. (*Id.*) As established in the *Defendant Old White Charities, Inc.'s Motion to Dismiss and Answer to Complaint for Declaratory Judgment and Counterclaim against Plaintiffs* (Document 13), the Defendant applied for the policy at issue in this case through a

broker and agent, Bankers Insurance, LLC ("Bankers"). (Document 13, at 3–4.) On August 26, 2015, Bankers moved to intervene as a defendant, pursuant to Fed. R. Civ. P. 26(a), claiming a substantial interest in the outcome of this litigation. (*Mot. to Intervene*, at 1–2.) In the alternative, Bankers seeks permissive intervention under Fed. R. Civ. P. 26(b). (*Id*.) On September 9, 2015, the Plaintiffs filed their response to Bankers' motion to intervene, and on September 15, 2015, Bankers filed its reply. The motion is, therefore, ripe for consideration by the Court.

## STANDARD FOR INTERVENTION

As a general rule, the Fourth Circuit favors liberal intervention, which is considered "desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted.) The text of Rule 24(a) provides, in relevant part, that the Court must permit the invention of a party that, on "timely motion," claims "an interest relating to property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Fourth Circuit has interpreted Rule 24(a)(2) to require intervention where the moving party shows "(1) an interest in the subject matter of the action; (2) that the protection of the interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991), (citing *Virginia v. Westinghouse Elec. Corp*., 542 F.2d 214, 216 (4th Cir. 1976)). More succinctly, the four requirements for intervention of right are timeliness, interest, impairment of ability to protect that interest, and inadequate representation. *Titan Atlas Mfg. Inc. v. Sisk*, 2014 WL 837247, at *2 (W.D.Va. March 4, 2014) (Slip Op), (citing *Houston Gen. Ins. Co. v. Moore*,

193 F.3d 838, 839 (4th Cir. 1999)). Timeliness is left to the discretion of the Court[1], and the other three requirements are questions of law. *Titan Atlas Mfg. Inc.,* at *3, (citing *Patterson v. Schumate*, No. 88-2195, 1990 WL 122240, at *1 (4th Cir. Aug. 27, 1990) (unpublished)). The Fourth Circuit does not permit district courts to consider judicial economy when evaluating a motion for intervention of right. *Titan Atlas Mfg.*, at *2, citing *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991).

## DISCUSSION

### A. Interest

Because timeliness is not at issue in this case, the Court will first consider whether Bankers has an interest in this case. A mere assertion of interest is insufficient. Rather, the movant must show a "significantly protectable interest" in the litigation. *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). A "significantly protectable interest" is one where the party seeking intervention "stands to gain or lose by the direct legal operation of the district court's judgment on the complaint." *Id.*; s*ee also Lee v. Virginia Board of Elections*, 2015 WL 5178993, at *2 (E.D.Va. September 4, 2015) (Slip Op.) However, the Fourth Circuit does not require the party seeking intervention to have "an underlying claim to judgment." *Geico General Ins. Co. v. Shurak*, 2006 WL 121032, at *1 (N.D.W.Va. May 3, 2006). The interest "must bear a close relationship to the dispute between the existing litigants" and be direct, not "remote or contingent." *Lee*, at *2, (citing *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D.Va.1993)). Notably, the party seeking intervention does not have to demonstrate conclusively that its interests will be affected in the relevant action. Instead, Rule 24(a)(2) only requires a showing that the disposition of the action may affect the party's interest "as a practical

---

[1] The parties do not contest the timeliness of the present motion.

matter." *United States v. Exxonmobil Corp.*, 264 F.R.D. 242, 246 (N.D.W.V. 2010) (citing *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.,* 738 F.2d 82, 84 (8th Cir. 1984)).

In support of its intervention, Bankers cites several potential interests, including its potential liability for indemnification if the Plaintiffs ultimately prevail, its business relationship with the Defendant, and its interest in retaining a commission paid on the policy. (*Mem. in Supp. of Mot. for Leave to Intervene*, at 2-3; *Reply to Resp. in Opp.*, at 3.) The Court will address each of these considerations.

Bankers first argues that, as broker and agent for the Defendant in this case, it may be subject to an action for indemnification if the Court enters judgment for the Plaintiffs. (Document 8, at 2.) The asserted interest clearly has a "close relationship to the dispute" between the litigants in this case. If the Plaintiffs were to prevail, the Defendant will be unable to recover under the insurance policy at issue in the case, and there is a greater likelihood that Bankers will face an action for indemnification by the Defendant. Bankers, thus, clearly stands to either benefit or suffer from the "direct legal operation" of the Court's judgment in the case. *Teague*, 931 F.2d at 261. The Court finds this interest sufficient for purposes of Rule 26(a)(2).

Bankers also asserts two purely economic interests. First, Bankers argues that if the Court enters judgment for the Plaintiffs, their business relationship with the Defendant will "suffer." The Fourth Circuit has permitted intervention where parties have advocated purely economic interests. *See, e.g., Feller*, 802 F.2d at 729–30 (potential for increased wages was sufficient interest to allow apple pickers intervention of right in case seeking to compel United States Department of Labor to issue permits for foreign workers); *JLS, Inc. v. Public Service Comm'n of West Virginia*, et. al., 321 Fed. Appx. 286, 289-90 (4th Cir. 2009) (unpublished) (potential for increased competition was sufficient interest to support intervention by motor transport companies

in suit to determine proper regulator for the transportation of railroad employees.)  However, a vague assertion about potential harm to a business relationship, without more, does not support intervention of right under Rule 24(a)(2).  Bankers also argues that the potential for forfeiting a commission earned in the sale of the policy to the Defendant rises to the level of a protectable interest.  Bankers provides no context or factual support for this assertion, and the Court is not inclined to speculate on the potential basis for such a claim.  Thus, the Court finds neither interest is "protectable" for purposes of Rule 26(a)(2).

In opposing intervention in this case, the Plaintiffs rely heavily upon *Mt. Hawley Ins. Co. v. Sandy Lake Properties*, wherein the Eleventh Circuit limited intervention of right to parties that show a substantive legal interest in an action, "derive[d] from a legal right."  425 F.3d 1308, 1311–12 (11th Cir. 2005).  In *Mt. Hawley*, plaintiff Mt. Hawley Insurance Company sought a declaratory judgment that Mt. Hawley owed no duty to defend or indemnify two Florida corporations in a separate wrongful death suit filed by the estate of a drowning victim. *Mt. Hawley*, 425 F.3d at 1309.  The estate's personal representative sought to intervene in the declaratory judgment action under Rule 24(a)(2).  *Id*.  The district court denied the motion, and the representative appealed, asserting that if Mt. Hawley succeeded on the action, the estate would have no pool of funds from which to recover in the wrongful death suit.  *Id*. at 1311.  Reasoning that the representative asserted a purely economic interest, rather than a substantive legal interest, the Eleventh Circuit affirmed.  *Id*.  The Court emphasized that because the representative was not party to the insurance policy issued by Mt. Hawley, and had no legally protected interest in the policy, the representative lacked a legally protectable interest in the declaratory judgment action.  *Id*.

*Mt. Hawley* does not reflect the law of the Fourth Circuit, which has declined to adopt such a rigorous test for intervention. Even under the more rigorous test, however, the Court finds that the facts in *Mt. Hawley* are readily distinguishable from this case. Unlike the representative in *Mt. Hawley*, Bankers is not seeking to intervene to protect the viability of a potential judgment in a separate litigation. Bankers has instead conditioned intervention on its need to protect interests which are directly related to the central issue of this litigation: whether an insurance policy provides coverage for a specific event. Moreover, the Court in *Mt. Hawley* emphasized that the claim for intervention was "speculative," because it was "entirely contingent on" prevailing in the wrongful death suit. *Mt. Hawley*, 425 F.3d at 1311. Here, the link between Bankers' asserted interests and this litigation is much stronger. Bankers was the broker and agent for the Defendant in the issuance of the relevant insurance policy, and if the Plaintiff succeeds in obtaining a declaratory judgment, Bankers will face a greater likelihood of claims for indemnification, and findings of the Court in this case may limit the ability of Bankers to defend such claims. The Court is, therefore, unpersuaded by the Plaintiff's argument, and finds that Bankers has asserted a sufficient interest to satisfy the standard for intervention in the Fourth Circuit.

  B. *Impairment*

Rule 26(a)(2) and relevant Fourth Circuit precedent also requires the movant to show that absent intervention, the protection of its interests will be impaired. *Teague, 931 F.2d at 260-61*. Bankers must show that "as a practical matter," its interests "may be impaired or impeded by the failure to allow intervention." *Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976). Bankers attempts to satisfy this requirement with two arguments. First, Bankers indicates that if the Defendant were to prevail in this action, the Court may make "findings" which would impede Bankers' ability to defend a future action for indemnification by the Plaintiffs. (*Mem. in Supp. of*

*Mot. for Leave to Intervene*, at 3.)  Bankers also argues that the "disposition of this action" would limit the ability of Bankers "and/or" the Defendant to "pursue indemnity and contribution against both responsible third parties."  (*Id.*)  Bankers' motion to intervene notes that All Risks, Ltd., and HCC Specialty Underwriters, Inc., were involved in the issuance of the insurance policy in this case, and that "many allegations in the complaint" concern the conduct of these companies.  (*Id.*)  Bankers then claims that both companies are necessary parties to this litigation, and that if permitted to intervene, Bankers will pursue third-party complaints against both companies.  (*Id.*)[2]

Bankers asserts an interest in pursuing these claims and argues, absent intervention, its interests face a "high likelihood of impairment."  (*Id*. at 3.]  The Plaintiffs do not contest impairment, and the Court finds that Bankers has satisfied this prong of Rule 24(a)(2).  Having found that Bankers has interests related to the outcome of this litigation, the Court further finds that there is a high risk that those interests could be impaired if Bankers were not given the opportunity to protect them by intervening in this litigation.

   C.  *Adequacy of Representation*

Finally, intervention of right under Rule 26(a)(2), as interpreted by the Fourth Circuit, requires the moving party to show that its interests are inadequately represented by the existing parties to the litigation.  *Teague, 931 F.2d at 260-61*.  In the Fourth Circuit, the "burden of showing inadequacy of representation is minimal."  *Va. v. Westinghouse Elec. Corp.*, 542 F.2d at 216, (citing *Trbovich v. UMWA*, 404 U.S. 528, 538 (1972)).  "Many factors" can support inadequate representation, including, *inter alia*, "diverging interests," "superior knowledge", "stronger incentives" and "new legal arguments."  *Titan Atlas Mfg*., 2014 WL 837247, at *5, citing *In re Sierra Club*, 945 F.2d at 780-81.

---

[2]  On September 11, 2015, after the filing of Bankers' motion to intervene, the Defendant in this case filed a third-party complaint against various entities, including All Risks, Ltd., and HCC Specialty Underwriters, Inc. Both companies are, thus, parties to this litigation. (Document 14.)

Bankers asserts that the present parties to this litigation do not adequately represent its interests.  (*Mem. in Supp. of Mot. for Leave to Intervene*, at 4.)   It notes that while both Bankers and the Defendant "have interests in the enforcement" of the insurance policy at issue in this case, their interests are not identical, and they may have "different approaches" to this litigation.   (*Id.*)   Moreover, Bankers reiterates that if the Plaintiffs succeed in this action, the Defendant may seek indemnification or contribution, based on Bankers' role as broker and agent.  (*Id.*)   The Plaintiffs do not contest this issue, and the Court finds that the differences in interests and litigation strategy between Bankers and the Defendant are sufficient to support the "minimal burden" of demonstrating that Bankers' interests are not adequately represented by the existing parties.

## CONCLUSION

Wherefore, following careful consideration and thorough review, the Court finds that Bankers has satisfied the requirements of Rule 26(a)(2), and is entitled to intervene as a Defendant in this case as a matter of right.   The Court **ORDERS** that the *Motion of Bankers Insurance, LLC for Leave to Intervene* (Document 7) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        October 30, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA