**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1180

ALL RISKS, LTD, a Maryland corporation; HCC SPECIALTY UNDERWRITERS, INC., a Massachusetts corporation; UNDERWRITERS AT LLOYD'S LONDON, a foreign corporation,

   Third Party Defendants - Appellees,

 and

TALBOT 2002 UNDERWRITING CAPITAL LTD.; WHITE MOUNTAINS RE SIRIUS CAPITAL LTD; MARKEL CAPITAL LIMITED,

   Plaintiffs - Appellees,

   v.

OLD WHITE CHARITIES, INC.,

   Defendant - Appellant,

BANKERS INSURANCE, LLC,

   Intervenor/Defendant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:15-cv-12542)

Submitted: November 30, 2017            Decided: December 20, 2017

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marvin W. Masters, Kimberly Grace Kessler Parmer, MASTERS LAW FIRM, LC, Charleston, West Virginia, for Appellant. Paul L. Fields, Jr., Jocelyn C. DeMars, FIELDS HOWELL LLP, Atlanta, Georgia; Lee M. Hall, JENKINS FENSTERMAKER, PLLC, Huntington, West Virginia; James A. Varner, Sr., Debra Tedeschi Varner, MCNEER, HIGHLAND, MCMUNN & VARNER, L.C., Clarksburg, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Old White Charities, Inc. ("Old White") appeals the district court's grant of summary judgment to Talbot 2002 Underwriting Capital Ltd. ("Talbot"), White Mountains Re Sirius Capital Ltd. ("White Mountains"), and Markel Capital Limited ("Markel") (collectively, "Plaintiffs") on their declaratory judgment claim and to Plaintiffs, Underwriters at Lloyd's of London ("Lloyd's"), All Risks, Ltd. ("All Risks"), and HCC Specialty Underwriters ("HCC") (collectively, "Appellees") on Old White's bad faith, breach of contract, negligence, and fraud claims.

This dispute arose from an insurance policy purchased by Old White through Appellees to insure the potential cost of a hole-in-one contest conducted during the 2015 Greenbrier Classic and Pro-Am golf tournament. The application for the insurance policy stated that the hole in question had to be a minimum of 150 yards from the tee. The policy specified a minimum yardage of 170 yards for the hole in question.

During the tournament, two golfers hit a hole-in-one on the designated hole, and Old White paid approximately $200,000 to fans as a result. It is undisputed that the holes-in-one were made from a distance of 137 yards. Plaintiffs sought a declaratory judgment that the insurance policy provided no coverage because, *inter alia*, Old White failed to comply with the minimum yardage requirement. The district court granted summary judgment and Old White appeals. We affirm.

We review de novo a district court's decision to grant summary judgment, "applying the same legal standards as the district court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party."

3

*Grutzmacher v. Howard Cty.*, 851 F.3d 332, 341 (4th Cir.), *cert. denied*, __ U.S. __, 2017 WL 2721159 (U.S. Oct. 2, 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Old White first contends that the district court erred in finding no coverage and granting summary judgment for Plaintiffs on their declaratory judgment claim. Old White argues that it is entitled to coverage under the terms of the policies and in the alternative, it had a reasonable expectation of coverage.

Old White failed to show a genuine issue of material fact as to whether it was entitled to coverage under the terms of the policies. Under West Virginia law, "where the provisions in an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Aluise v. Nationwide Mut. Fire Ins. Co.*, 625 S.E. 2d 260, 268 (W. Va. 2005) (brackets omitted). The final policies and policy binder received by Bankers Insurance, Old White's agent, unambiguously state that the designated hole had to be at least 170 yards from the tee, and Bankers bound coverage by submitting payment on behalf of Old

4

White days after receiving the binder. Old White cannot prevail even if the terms of the application are interpreted to supersede those of the final policies, as Old White also did not satisfy the application's unambiguous 150-yard minimum term. Further, the application's addendum does not contradict the 150-yard minimum term, as the addendum does not mention minimum yardage.

Old White also failed to show that it had a reasonable expectation of coverage. "With respect to insurance contracts, the doctrine of reasonable expectations is that the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Costello v. Costello*, 465 S.E. 2d 620, 623 (W. Va. 1995). Because the policy language is unambiguous, Old White must show that the actions of Underwriters' agents created a reasonable expectation of coverage. *See id.* at 623-24 (holding application of the doctrine is limited to (1) "instances in which the policy language is ambiguous" or (2) where an agent for the insurer "creates a reasonable expectation of insurance coverage" during the application process).* Old White did not make such a showing.

Even assuming that both HCC and All Risks acted as agents for Plaintiffs and Lloyd's, HCC and All Risks never informed Bankers or Old White that coverage would be available without a minimum yardage requirement. On the contrary, All Risks

---

* The Supreme Court of Appeals of West Virginia has called into doubt application of the doctrine to this second situation but Old White does not prevail either way. *See Robertson v. Fowler*, 475 S.E. 2d 116, 120 (W. Va. 1996).

5

forwarded Bankers the application and binder from HCC—both of which contained minimum yardage terms—and an email exchange between All Risks and HCC discussing minimum yardage. *See State ex rel. Yahn Elec. Co. v. Baer*, 135 S.E. 2d 687, 690 (W. Va. 1964) ("It is a general rule that notice to the agent while acting within the scope of his authority is notice to his principal."). While Old White complains that it never received the binder or email exchange, it was solely Banker's responsibility to relay information to Old White. Further, although the quote did not contain a minimum yardage term, the quote stated that it was subject to the terms of the application, and the application included a minimum yardage term. There is also no evidence that HCC or All Risks were informed that Old White could not agree to a minimum yardage term and Bankers never informed All Risks or HCC that there was a problem with the binder after receiving it. Because Old White failed to show that it complied with the unambiguous terms of the policies or that it had an objectively reasonable expectation of coverage, the district court did not err in finding no coverage and granting summary judgment for Plaintiffs on their declaratory judgment claim.

Old White next argues that its bad faith and breach of contract claims against Appellees should be revived because it is entitled to coverage. This argument is unavailing because there is no coverage. *Cava v. Nat'l Union Fire Ins. Co.*, 753 S.E. 2d 1, 9 n. 6 (W. Va. 2013) ("Generally, a court must find that there is coverage before there can be common law [and statutory] bad faith . . . claims against an insurance company.").

Old White further contends that All Risks and HCC were negligent for several reasons, including failing to keep Old White informed during policy negotiations and

6

agreeing to an unauthorized minimum yardage term, and that all Appellees may be held liable for such negligence. We conclude that, even assuming that each Appellee owed Old White a duty, Old White failed to put forth sufficient evidence of negligence on the part of HCC, Underwriters, or All Risks. *See Neely v. Belk Inc.*, 668 S.E. 2d 189, 197 (W. Va. 2008) (setting forth elements of negligence claim). As discussed above, All Risks adequately kept Bankers informed of policy negotiations regarding a minimum yardage term, and neither All Risks nor HCC were informed that Old White could not agree to a minimum yardage term. We conclude that Old White's negligence claims are without merit because Old White failed to show that Appellees acted negligently.

Finally, Old White contends that Appellees are liable for fraud because All Risks and HCC fraudulently concealed material information from Old White. As discussed above, All Risks and HCC sufficiently communicated information regarding the policies through the proper channels, thus Old White's fraudulent concealment claims are without merit. *See Kessel v. Leavitt*, 511 S.E. 2d 720, 752-53 (W. Va. 1998) (setting forth elements of fraudulent concealment claim).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*