## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

TALBOT 2002 UNDERWRITING
CAPITAL LTD, et. al.

      Plaintiffs,

v.                                  CIVIL ACTION NO. 5:15-cv-12542

OLD WHITE CHARITIES, INC.,

      Defendant.

### COSTS TAXED BY THE CLERK OF COURT

      The Plaintiffs, Talbot 2002 Underwriting Capital Ltd., White Mountains Re

Sirius Capital Ltd., and Markel Capital Limited, and Third Party Defendants HCC

Specialty Underwriters, Inc. and Underwriters at Lloyd's London, submitted a

verified Bill of Costs on February 3, 2017, requesting reimbursement in the sum of

$16,293.46, as detailed below:

|  | Plaintiffs' Bill of Costs | Taxed By Clerk of Court |
|---|---|---|
| Fees of the Clerk | $ 500.00 | $ 400.00 |
| Fees for service of summons and subpoena | $ 246.35 | $ 246.35 |
| Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case | $15,547.11 | $12,571.50 |
| **TOTAL** | **$16,293.46** | **$13,217.85** |

Background

 This civil action was filed by the Plaintiffs on August 19, 2015, and was assigned to the docket of the Honorable Irene C. Berger, United States District Judge. On August 26, 2015, Bankers Insurance, LLC filed a Motion to Intervene as a Defendant (ECF No. 7). On September 11, 2015, Old White Charities, Inc. filed a Motion to Dismiss, Answer to Complaint, and a Counterclaim against the Plaintiffs (ECF No. 13). On that same day, Old White Charities, Inc. also filed a Third Party Complaint against All Risks, Ltd., HCC Specialty Underwriters, Inc., and Underwriters at Lloyd's London (ECF No. 14). Markel Capital Limited, Talbot 2002 Underwriting Capital Ltd., and White Mountains Re Sirius Capital Ltd. filed an Answer to the Counterclaim of Old White Charities (ECF No. 26) on October 1, 2015. HCC Specialty Underwriters, Inc. filed a Motion to Dismiss the Third Party Complaint (ECF No. 27) on October 13, 2015. On October 14, 2015, Underwriters at Lloyd's London filed an Answer to the Third Party Complaint (ECF No. 29).  Markel Capital Limited, Talbot 2002 Underwriting Ltd., and White Mountains Re Sirius Capital Ltd. filed a First Amended Answer to the Counterclaim (ECF No. 31) on October 21, 2015.

 The Court granted Bankers Insurance, LLC leave to intervene on October 30, 2015 (ECF No. 33). On November 4, 2015, Markel Capital Limited, Talbot 2002 Underwriting Capital Ltd., and White Mountains Re Sirius Capital Ltd filed a First Amended Answer to the Third Party Complaint (ECF No. 36).  All Risks, Ltd. filed a Motion to Dismiss the Third Party Complaint on November 13, 2015 (ECF No. 39).

The Court entered a Scheduling Order on November 17, 2015, scheduling this matter for jury trial. (ECF No. 42).  Subsequently, Bankers Insurance, LLC filed an Answer and Crossclaims against Defendants All Risks, Ltd and HCC Specialty Underwriters, Inc. (ECF No. 43). This filing was followed by Motions of HCC Specialty Underwriters, Inc. and All Risks, Ltd. to Dismiss Crossclaim (ECF Nos. 52 and 53), on December 18, 2015.

On April 19, 2016, Judge Berger entered a Memorandum Opinion and Order, which granted HCC Specialty Underwriters, Inc.'s Motion to Dismiss Third Party Complaint for failure to state a claim as to Old White's claims under the West Virginia Unfair Trade Practices Act and for common law bad faith, and denied the motion on all other grounds. HCC Specialty Underwriters, Inc. then filed an Answer to the Third Party Complaint on May 3, 2016 (ECF No. 98).  The Court entered a second Memorandum Opinion and Order on May 5, 2016, granting All Risks, Ltd.'s Motion to Dismiss as to Old White's claims under the West Virginia Unfair Trade Practices Act and for common law bad faith, and denying the motion on all other grounds (ECF No. 99). All Risks, Ltd. filed its Answer to the Third Party Complaint on May 19, 2016 (ECF No. 102). On June 3, 2016, Judge Berger entered a third Memorandum Opinion and Order, which granted HCC Specialty Underwriters, Inc.'s Motion to Dismiss Bankers Insurance LLC's Crossclaim, granted Third-Party Defendant All Risks, Ltd.'s Motion to Dismiss Crossclaim on Bankers Insurance, LLC, and dismissed Defendant Bankers Insurance LLC's Crossclaims (ECF No. 116). After extensive discovery, HCC Specialty Underwriters, Inc., Markel Capital

Limited, Talbot 2002 Underwriting Capital, Ltd., Underwriters at Lloyd's London, and White Mountains Re Sirius Capital Ltd filed a Motion for Summary Judgment (ECF No. 193) on September 15, 2016.  On the same date, All Risks, Ltd also filed a Motion for Summary Judgment (ECF No. 197).

The case was removed from the Court's docket upon the Court's entry of a Memorandum Opinion and Order and Judgment Order  on January 6, 2017 (ECF Nos. 246 and 247). The Court's opinion granted the Motion for Summary Judgment by the Plaintiffs and Third Party Defendants HCC Specialty Underwriters, Inc. and Underwriters at Lloyd's London; granted Third Party Defendant All Risks, Ltd's Motion for Summary Judgment, and dismissed Defendant Old White Charities' Counterclaim and Third Party Complaint. Old White Charities filed a Notice of Appeal on February 6, 2017 (ECF No. 251). The United States Court of Appeals affirmed the judgment of the district court on December 20, 2017 (ECF Nos. 257, 258, and 259), and filed its Mandate on January 11, 2018 (ECF No. 260). Accordingly, the verified, Proposed Bill of Costs (ECF No. 249) is ripe for the Clerk's consideration.

## Fees of the Clerk

Under this heading, the Plaintiffs and Third Party Defendants request reimbursement of $500.00.  In support of their request, they attach emails, verifying electronic payment of the $400.00 filing fee (ECF No. 249-2 at page 2), as well as two $50.00 pro hac vice fees (ECF No. 249-2 at pages 3 and 4). Pursuant to 28 U.S.C. § 1920(1), the clerk of any court of the United States may tax as costs fees

4

of the clerk and the marshal; accordingly, the full amount of the filing fee ($400.00) is taxed against the Defendants.  On the other hand, pro hac vice fees do not represent[1] a fee of the clerk or the marshal; therefore, the $100.00 requested for pro hac vice fees may not be taxed against the Defendants.  In conclusion, the total sum of $400.00 is taxed against the Defendants under this heading.

Fees for service of summons and subpoena

Plaintiffs and Third Party Defendants seek recovery of $246.35 for service related fees. The Clerk will generally tax reasonable service fees for the (1) service of summonses, (2) trial subpoenas for witnesses who actually testified at trial, (3) deposition subpoenas where the cost of the deposition has been taxed also, and (4) subpoenas for materials submitted at trial or in support of a motion terminating the case. In this instance, counsel's first request for reimbursement under this heading is in the sum of $56.35, which represents the mileage costs[2] incurred by an individual who served the Defendant with the complaint. Counsel has calculated the mileage charge using the standard mileage rate established by the General Services Administration for 2015; therefore, the sum of $56.35 is taxed against the Defendants. Counsel's second request for reimbursement is in the sum of $190.00, and represents the cost for service of a deposition subpoena on Walter E. Hayes (a/k/a Gene Hayes). Mr. Hayes appeared to provide his deposition on June 29, 2016,

---

[1] *Schmitz-Werke GMGH + Co. v. Rockland Indus., Inc. 271 F.  Supp. 2d 734, 735 (D. Md. 2003)*("The pro hac vice fee is an expense of counsel, not the client, and thus not recoverable.")
[2] A Memorandum from the Administrative Office of the United States Courts, dated December 31, 2014, is attached as Exhibit 1, and verifies the mileage rate established by GSA for 2015, as .575 per mile.

and his deposition is Exhibit F to Plaintiffs' Motion for Summary Judgment (ECF No. 193-6); accordingly, the sum of $190.00 is also taxed against the Defendants.  In summary, the total sum of **$246.35** is taxed against the Defendants under this category.

### Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

The Plaintiffs and Third Party Defendants request reimbursement in the total sum of $15,547.11 under this heading. The claiming parties have provided an itemization of the transcript expenses (ECF No. 249-1), as well as invoices for each transcript listed in their itemization.  In order to determine which transcripts were "necessarily obtained for use in the case," Judge Berger's  Memorandum Opinion and Order entered on January 6, 2017 (ECF No. 246),  Plaintiffs' Motion for Summary Judgment, Plaintiffs' Exhibits in Support, and Plaintiffs' Memorandum of Law in Support (ECF Nos. 193, 194, 195, and 196) have been carefully reviewed. Having determined which transcripts were clearly referenced in the Court's Order and the Motion granted by the Court's Order, the Clerk will tax the following individual amounts:

(1) Deposition of Marshall Fleming (ECF No. 193-11):  $671.15

(2) Deposition of Walter Hayes (a/k/a Gene Hayes) (ECF No. 193-6): $695.35

(3) Deposition of Kevin Workman (ECF No. 194-7): $1,623.95

(4) Deposition of Mike Connatser (ECF No. 193-7): $835.14

(5) Deposition of Hugh Mooney (ECF No. 194-6): $314.40

(6) Deposition of James Sweetwood (ECF No. 193-5): $828.50

(7) Deposition of Charles Henthorn (ECF No. 193-9): $733.50

(8) Deposition of Monte Ortel (ECF No. 193-3): $1,059.50

(9) Deposition of James Justice II (ECF No. 193-4): $884.85

(10) Deposition of James Miller (a/k/a Terry Miller) (ECF No. 194-1): $403.40

(11) Deposition Crystal Kelly (ECF No. 193-13): $433.39

(12) Deposition of Paul Fleming (ECF No. 194-2): $659.92

(13) Depositions of Gary Dickens and James Mahurin (ECF Nos. 193-12,10): $1,373.95

(14) Deposition of Rudy Martin (a/k/a James "Rudy" Martin) (ECF No. 195-1): $340.00[3]

(15) Deposition of Kenneth Tackett (ECF No. 194-5): $1217.64[4]

(16) Deposition of Bob Hamman (ECF No. 194-3):  $108.00

(17) Deposition of Arthur "Art" Bates (ECF No. 194-4): $196.00

(18) Deposition of Robin Lang (ECF No. 193-8): $192.86

The remaining transcripts listed in the Bill of Costs were not included in the Plaintiffs' Motion for Summary Judgment and supporting documents, nor were they referenced directly or indirectly in the Court's opinion closing the case; accordingly, the total sum of **$12,571.50** is taxed against the Defendants under this heading.

---

[3] James "Rudy" Martin and Dennis Brady were deposed at the same time, but Brady's deposition was not taxable.  The amount found on the invoice has been adjusted in this itemization to reflect only the costs of Martin's deposition.

[4] Plaintiffs submit an invoice, indicating that the total fee for Kenneth Tackett's deposition is $1,292.64; however, this amount includes a $115.00 appearance fee. Pursuant to 28 U.S.C. § 1821(b), witnesses shall be paid $40 per day for each day's attendance; accordingly, the amount taxed for this deposition has been adjusted to reflect a $40 attendance fee.

Pursuant to 28 U.S.C. § 1920, costs in the total sum of **THIRTEEN THOUSAND TWO HUNDRED SEVENTEEN and 85/100ths DOLLARS ($13,217.85)** are taxed against the Defendants.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), on motion served within seven (7) days, the Court may review the Clerk's decision on taxation of costs.


DATED:  January 23, 2018

_____
Rory L. Perry II
CLERK OF COURT

EXHIBIT 1



# ADMINISTRATIVE OFFICE OF THE
# UNITED STATES COURTS

HONORABLE JOHN D. BATES
Director

WASHINGTON, D.C. 20544

December 31, 2014

MEMORANDUM

To:         All United States Judges
            Circuit Executives
            Federal Public/Community Defenders
            District Court Executives
            Clerks, United States Courts
            Chief Probation Officers
            Chief Pretrial Services Officers
            Senior Staff Attorneys
            Chief Circuit Mediators
            Bankruptcy Administrators
            Circuit Librarians

From:       Judge John D. Bates

RE:         NEW MILEAGE RATES EFFECTIVE JANUARY 1, 2015 **(INFORMATION)**

The General Services Administration (GSA) has announced an increase in the reimbursement mileage rates for privately owned automobiles and privately owned motorcycles and a decrease to the mileage rate for privately owned airplanes.  The new reimbursement mileage rates are in effect as of January 1, 2015, for travel performed on or after that date.  These rates apply to all judges, employees, and jurors and are as follows:

|  |  |
|---|---|
| Automobiles | $0.575 per mile |
| Motorcycles | $0.545 per mile |
| Airplanes | $1.29 per mile |

Mileage rates for previous years can be obtained from the GSA at http://www.gsa.gov/portal/content/103969.

Questions about this memorandum or other travel matters may be directed to the Travel Management Staff at Relocation_and_Travel_Help_Desk@ao.uscourts.gov or (202) 502-1290.